**NOT FOR PUBLICATION OR CITATION**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND**

**CIVIL ACTION NO. 07-CV-77-HRW**

**CLAY BARNETT**                                                      **PLAINTIFF**

**VS:**                  **MEMORANDUM OPINION AND ORDER**

**DANNY SHOFF, ET AL.**                                     **DEFENDANTS**

Clay Barnett, who is confined in the Little Sandy Correctional Complex ("LSCC") located in Sandy Hook, Kentucky, has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971) [Record No. 2]. He also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 4]. On July 30, 2007, the Court entered an Order granting the plaintiff's motion to proceed *in forma pauperis* [Record No. 6].[1]

This matter is before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving

---

[1] In that Order, the Court characterized this proceeding as one falling under 42 U.S.C. § 1983. Closer review of the complaint reveals that the named defendants appear to be officials acting under color of *federal*, not state, law. Accordingly, the Court will instruct the Clerk of the Court to reclassify this action as one falling under 28 U.S.C. § 1331 (*Bivens*).

him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court has the authority to dismiss a case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) Danny Shoff, identified as "S.I.A. Officer"; (2) Lt. Smith, identified as "S.I.S. Officer"; (3) "Unknown Lady" identified as "Special Agent for Federal Prison ADX Florence; (4) Kevin Roach, Inmate; (5) Mike Halualani, identified as Special Agent, A.T.F.; (6) Barry Mills, Inmate; (7) T.D. Bingham, Inmate; (8) Eddie Heaveley, Inmate; (9) Chris Gibson; and (10) John/Jane Doe.

## CLAIMS

Plaintiff alleges that the named defendants disclosed confidential information about him to other inmates, and that the alleged disclosure damaged him by threatening his safety. The plaintiff alleges that the disclosed information consisted of his institutional and criminal records.

The plaintiff has alleged that the named defendants have violated his right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. To the extent that the named defendants are *federal* officials, not state officials, the claim of alleged denial of equal protection would fall under the Fifth Amendment of the United States Constitution.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges that although he is now in the custody of the state of Kentucky Department of Corrections, he was previously in federal custody. The plaintiff does not allege where he was confined while in federal custody. The plaintiff alleges only that the alleged disclosure occurred when he was "housed in the federal prison systems."[Record No. 2-1, p.4].

It does not appear that the plaintiff was confined in any of the five federal prisons located within the Eastern District of Kentucky. To the extent that the plaintiff names "Unknown Lady," identified as "Special Agent for Federal Prison ADX Florence" as a defendant, it is possible that the complained of disclosure may have been occurred when the plaintiff was confined in the Administrative Maximum (ADX) facility located in Florence, Colorado.[2]

Plaintiff claims that the disclosure of his confidential information to various persons has subjected to him to "potential dangerous retaliations {sic}." [Record No. 2-1, p.6]. He further explains that ". . . those retaliations are by nature deadly and cause a continuous dangerous process within each state and federal institution that the plaintiff must live in while incarcerated." [*Id*].

On the subject of administrative exhaustion, the plaintiff states as follows:

"Because of the series of events that have taken place in this action there has been
no processings {sic} of any exhaustions {sic} aimed toward grieving this case.
In fact, there is no procedure that allows such exhaustion to occur.

[*Id*., p. 5].

---

[2]

The ADX facility in Florence, Colorado, houses offenders requiring the tightest controls. It is part of the Florence Federal Correctional Complex (FCC).

3

RELIEF REQUESTED

The plaintiff seeks $1,150,000.00 in damages [Complaint, Record No. 2-1, p.5].

DISCUSSION

The instant complaint must be dismissed without prejudice for several reasons. The Court will discuss these reasons below.

1. Official Capacity Claims Against Defendants

The plaintiff has not stated the capacity in which he is suing any of the defendants. Construing the complaint broadly, the plaintiff might be asserting his Fifth Amendment *Bivens* claims against the named defendants in both their official and individual capacities. However, the construed official capacity claims against the defendants suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his

or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's individual capacity.

Plaintiff has failed to state a claim upon which relief can be based against any of these defendants in their *official* capacities. These claims will be dismissed with prejudice.

### 2. Individual Capacity Claims Against Defendants

When federal officials are sued in their individual capacities, the venue provisions which operate in the typical case against the government itself do not control. In *Stafford v. Briggs*, 444 U.S. 527 (1980), the Supreme Court held that a suit properly brought against federal officials in their official capacities, for which venue would lie under 28 U.S.C. §1391(e), would not provide a basis for venue against such officials in their individual capacities.

As discussed, a *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d at 1018; *Berger v. Pierce*, 933 F.2d at 397. Individual capacity claims under *Bivens* fall under 28 U.S.C. § 1391(b). Official capacity suits under 28 U.S.C. § 1391(e) cannot be maintained because of the doctrine of sovereign immunity. *Cf. Stafford v. Briggs*, 444 U.S. at 544 (Section 1391(e) applies only to suits against government officials in their official capacities; venue of *Bivens* actions governed by § 1391(b)).

Title 28 U.S.C. § 1391(b) provides that:

> [a] civil action where jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions*

*giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated*, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. {Emphasis Added}.

Clearly, neither § 1391(b)(1) nor § 1391(b)(3) applies in this action; consequently, venue could properly lie here only if a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Eastern District of Kentucky. 28 U.S.C. § 1391(b)(2).

The complaint is devoid of any facts suggesting that the alleged disclosure of the plaintiff's confidential information occurred at a prison located in the Eastern District of Kentucky. While it is not entirely clear exactly where a "substantial part of the events" giving rise to the complained-of action (the alleged disclosure) actually occurred, the complaint does not indicate that a substantia; part of the events happened in this judicial district.

If the actions occurred while the plaintiff was confined in ADX Florence, the plaintiff should file his *Bivens* action in the United States District Court in Colorado. If the complained-of disclosure occurred in some other state, he should assert his claims the in the federal court in that state, in accordance with 28 U.S.C. § 1391(b). *See Barber v. Simpson*, 94 F.3d 648; 1996 WL 477005 (8th Cir. 1996) (table) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). The complaint will be dismissed without prejudice so that the plaintiff can assert his claims in the appropriate federal court.

### 3. Transfer of Complaint Not Warranted

When a civil action is brought in the wrong district, the court may dismiss it or transfer it to the proper district. 28 U.S.C. § 1406(a). Additionally, 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer

any civil action to any other district or division where it might have been brought." (Emphasis added) [3] The decision to dismiss or transfer a case under § 1406(a) is "within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Transfer of a proceeding based on improper venue is not mandatory, and is justified only if the district court determines that such transfer is "in the interest of justice." *See Diebold v. FirstCard Financial Services, Inc.*, 104 F. Supp.2d 758, 762-63 (N.D. Ohio 2000) (where district court lacked personal jurisdiction over the defendant, the interests of justice did not warrant transfer; dismissal in lieu of transfer would not prejudice the plaintiff because there was ample time in which to re-file in a proper forum).

Here, the complaint does not allege where the alleged disclosure occurred, so transfer is not an available option. Moreover, wherever the alleged disclosure occurred, the plaintiff concedes that he failed to administratively exhaust those claims as required by 28 C.F.R. § 542.13-15. The Supreme Court has emphasized that the exhaustion requirement found in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," which demands compliance with prison procedural rules. *Woodford v. Ngo*, --- U.S. ----, 126 S. Ct. 2378, 2387, 165 L. Ed.2d 368.

Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at

---

[3] Title 28 U.S.C. § 1406(a) provides as follows:

The district court of a district in which it filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought. (Emphasis Added)

2389-90. *Accord Ghosh v. McClure*, 2007 WL 400648, at *6, n. 3 (S. D. Tex. Jan.31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion sua sponte or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."); *Leary v. A.R.U.S. Conerly* 2007 WL 1218952, *3 (E. D. Mich., 2007) (Only Westlaw citation currently available) (where lack of exhaustion was obvious from the face of a pleading, requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the Court's time and resources).

### 4. Transfer to State Prison Moots Claim for Injunctive Relief

The plaintiff appears to claim that he is being injured by the fact that the named defendants disclosed his confidential inmate information to other inmates. To the extent that the plaintiff has since been transferred to a prison administered by the Commonwealth of Kentucky Department of Corrections, his claims of continuing injury may be moot. The plaintiff is now confined in a non-federal penal facility.

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement, or transfer to another facility. *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief became moot after he was transferred to another facility); and *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief

against conditions of confinement in facility from which he was transferred). While this point is not central to the reasons for dismissing the complaint as discussed above, the Court does mention this issue as a secondary matter.

Furthermore, the plaintiff refers to "potential" damage and injury which may befall him by reason of the alleged disclosure of his inmate records. *See* Complaint, Record No. 2-1. p.6. To satisfy Article III's standing requirements, a plaintiff must show that he: "(1) has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81, 120 S. Ct. 693 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992)); *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 523-24 (6th Cir. 2001). The instant plaintiff's allegations of possible injury are based on pure conjecture, not existing facts.

As the instant complaint will be dismissed without prejudice, the Court will deny the plaintiff's "Motion for Appointment of Counsel"[Record No. 7] as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The Clerk of the court is directed to re-classify this action as one falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971).

(2)     The plaintiff's "Motion for Appointment of Counsel"[Record No. 7] is **DENIED** as **MOOT**;

(3)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This October 19, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge